UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER COURTHOUSE
402 EAST STATE ST., ROOM 7000
TRENTON, NJ 08608
609-989-2009

**Not for Publication**

LETTER OPINION

March 25, 2014

**VIA CM/ECF**
All counsel of record

    Re:    **Gilda Carrera v. P&B Capital Group, LLC**
            **Civil Action No. 13-2373 (MAS) (TJB)**

Dear Counsel:

This matter comes before the Court upon Defendant P&B Capital Group, LLC's ("Defendant") Motion for Judgment on the Pleadings. (Def.'s Mot., ECF No. 7.) Plaintiff Gilda Carrera ("Plaintiff") did not file Opposition to the Motion. For the reasons stated below, and for other good cause shown, Defendant's Motion is GRANTED.

**I.    Background**

Plaintiff brought an action for damages and declaratory and injunctive relief arising from Defendant's alleged violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). (Compl. ¶ 1, ECF No. 1.) According to Plaintiff, Defendant's initial demand letter failed to inform her that in order to dispute and obtain verification of the alleged debt or a copy of the judgment against her, she must notify Defendant in writing that "the debt, or any portion thereof, is disputed." (*Id.* at ¶ 15.)

## II. Legal Discussion and Analysis

Federal Rule of Civil Procedure ("Rule") 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A court will grant judgment on the pleadings if, on the basis of the pleadings, no material issue of fact remains and the movant is entitled to judgment as a matter of law. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). The standard governing a Rule 12(c) motion is the same standard governing a motion to dismiss under Rule 12(b)(6). *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

When considering a motion pursuant to Rule 12(b)(6), a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Finally, once the well-pleaded facts have been identified and any conclusory allegations ignored, a court must determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

"[L]ender-debtor communications potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006). This standard is lower than the standard of a reasonable debtor. *Wilson v. Quadramed*, 225 F.3d 350, 354 (3d Cir. 2000). "[A] communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Brown*, 464 F.3d at 454. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Lesher v. Law*

*Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (internal citations omitted). However, "the standard does not go so far as to provide solace to the willfully blind or non-observant." *Caprio v. Healthcare Revenue Recovery Grp.*, 709 F.3d 142, 149 (3d Cir. 2013) (internal quotation and citation omitted). Rather, "[t]he debtor is still held to a quotient of reasonableness, a basic level of understanding, and a willingness to read with care, and the debt collector accordingly cannot be held liable for bizarre or idiosyncratic interpretations." *Id.*

As Defendant persuasively argued, the Third Circuit previously determined that a validation notice with nearly identical language to that at issue in the present case complied with the FDCPA. (Def.'s Mot. 6-7.) In *Wilson v. Quadramed*, the validation notice provided, in relevant part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. **If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement [sic] and mail you a copy of such judgement [sic] or verification.** If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Wilson*, 225 F.3d at 352 (emphasis added). The *Wilson* Court found the validation notice sufficient and further found that neither the form nor substance of the demand letter overshadowed or contradicted the notice. *Id.* at 361.

In the present case, Defendant's April 13, 2012 initial demand letter provided, in relevant part:

> Unless you notify this office within (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. **If you notify this office in writing within (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification.** If you request this office in writing within (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Def.'s Mot, Ex. A) (emphasis added).

In light of Third Circuit precedent, and in the absence of any opposition to the motion, the Court finds good cause to grant Defendant's Motion for Judgment on the Pleadings.

## III. Conclusion

For the reasons stated above, and other good cause shown, Defendant's Motion is granted. An appropriate order follows.

s/ Michael A. Shipp  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**
